## LITTLETON *v.* RICHARDSON.

In an action brought by a town, under the statute, to recover of the person who had incumbered a highway, the damages and costs paid to a person sustaining injury by reason of such incumbrance, the town is entitled to recover, although defects and want of repairs in the highway may have contributed to the accident which resulted in the injury.

In such case the true question for the jury is, whether the incumbrance was the direct and proximate cause of the accident — that without whose existence it would not have happened — if so, the town may recover, although their negligence may have contributed more remotely to its occurrence, and even although it might have been prevented by a due performance of duty, and the exercise of proper vigilance on their part.

The practice of other towns in regard to other roads is not competent evidence for the jury to consider in determining the sufficiency of a highway.

Money expended in defending a suit of the person suffering injury by reason of an incumbrance placed upon a highway within their limits, cannot be recovered in an action brought by the town under the statute against the person who placed the incumbrance upon the highway.

Nor the expenses of removing the incumbrance.

By the terms of the statute, the remedy in such case is limited to the damages and costs paid the person suffering injury.

CASE, brought under chapter 63, section 5, of the Compiled Statutes.

The plaintiffs alleged that there was a certain highway, which they were, by law, bound to maintain and keep in repair; that the defendant wrongfully placed a certain incumbrance upon it; that on the 13th day of October, 1849, one Nathaniel Shute was passing along said highway, and by reason of the incumbrance sustained damage; and that the plaintiffs had been compelled to pay certain sums, as damages and costs to said Shute.

The plaintiffs alleged, as further damage, that they had been put to great expense in defending a suit, brought by said Shute against them, and also in removing said incumbrance.

The plaintiffs offered evidence tending to show that prior to the said 13th day of October, the defendant had incumbered the highway with certain stones; that on that day, in the evening, the night being dark, Nathaniel Shute was passing along there with a horse and wagon; that the horse being fright-

ened at the stones, ran back and backed off the road, down a steep bank; and that the said Shute, together with the wagon, were injured — the whole actual damage being, in fact, occasioned by the wagon and horse going off the bank.

The plaintiffs' evidence also tended to show, that at the place where the wagon went off, the highway was insufficient, there being there a steep and dangerous bank, without any sufficient and proper railing.

The defendant offered evidence also tending to show the insufficiency of the highway, and an actual neglect in the town, in suffering the highway to be so dangerous and insufficient, since the spring of the year 1849.

The plaintiffs requested the court to charge the jury, that if the town of Littleton exercised ordinary care and diligence in repairing and guarding the road where Shute's accident occurred — that is, if they exercised such care and diligence as towns ordinarily do — then the town of Littleton is not in fault, and the defendant is liable, if he placed the stones in the road, and if they caused the accident; or, if the want of such ordinary care and diligence as towns ordinarily exercise, in no wise contributed to the accident, and the injury was occasioned by the stones, the defendant is liable.

The court did not so charge the jury, but in substance did charge the jury that in order to make out the allegation in the writ — that Shute had sustained damage by reason of the incumbrance — it must appear that the accident from which the damage resulted was not in any part occasioned by a negligence for which the plaintiffs were liable; and if they should find that Shute's horse was frightened by the stones, still, if they should also find the whole accident from which the damage to Shute resulted — that is, the going back and running down the bank — were in part occasioned by the plaintiffs' neglect to keep a sufficient railing, the plaintiffs could not recover.

The court further instructed the jury, that in determining whether the highway was sufficient at the place where the horse and wagon went off, it was entirely immaterial what other towns

had been accustomed to do in regard to other highways, but that they were to determine whether, considering the amount and kind of travel upon the highway, and all other circumstances which had been put in evidence in regard to it, the highway was *reasonably* safe and sufficient.

To the foregoing instructions the plaintiffs excepted.

The plaintiffs, at the trial, offered evidence tending to show that they had expended money in the defence of Shute's action against them; and also other evidence, tending to show the expense they had incurred in removing the stones. The court rejected the evidence, and to this ruling the plaintiffs excepted.

The jury returned a verdict for the defendant, which the plaintiffs move the court to set aside, and that a new trial be granted.

*H. & G. A. Bingham,* for the plaintiffs, cited *Davis* v. *Mann,* 10 M. & W. 546; 1 Smith's Leading Cases 312; *Trow* v. *Vt. Central R. R.,* 24 Vt. 487; *Batty* v. *Duxbury,* 24 Vt. 155; *Mayor of Colchester* v. *Brooke,* 7 Q. B. 339; *Lowell* v. *Boston & Lowell R. R.,* 23 Pick. 24; *Currier* v. *Lowell,* 16 Pick. 170; *Willard* v. *Newbury,* 22 Vt. 458; *Jackson* v. *Burlington & Rutland R. R.,* 25 Vt. 150, 162; *Sheldon* v. *Fairfax,* 21 Vt. 102; *Shrewsbury* v. *Brown & al.,* 25 Vt. 197; Story on Bailments 15; *Birge* v. *Gardner,* 19 Conn. 507; *Robinson* v. *Cone,* 22 Vt. 213; 18 Conn. 494; 1 Chitty's Pl. 392, 3; *Duxbury* v. *Vt. Cent. R. R.,* 26 Vt. 751; *Griffin* v. *Farwell,* 20 Vt. 152; *Pierce* v. *Dart,* 7 Cowen 609.

*Hibbard & Carpenter,* for the defendant, referred to Chitty on Contracts 441–521; *Lowell* v. *Boston & Lowell R. R.,* 23 Pick. 24; *Brooks* v. *Hart,* 14 N. H. 307; *Betts* v. *Gibbens,* 2 Adol. & Ell. 57; 4 Bingham 56; *Mariot* v. *Stanley,* 1 Mann. & Grang. 568, (39 E. C. L. 559,) Cro. Jac. 446; 3 Cushing 121; 2 N. H. 392; *Chesley* v. *Durham,* 1 N. H. 21; *Rex* v. *Robinson,* 2 Burr. 799; 11 East 60; 2 Pick. 621; 4 Mass. 422; 16 Pick. 189; 12 Pick. 177; 10 Metcalf 363; 19 Vt. 470; *Davis* v. *Jennings,* 1 Metcalf 221; 2 Pick. 621–624; 2 Foster 563.

Littleton *v.* Richardson.

FOWLER, J.   By the 5th section of the 59th chapter of the Revised Statutes, (Compiled Statutes, chapter 63, section 5,) it is provided that, "if any person shall place in any highway or street any timber, lumber, stones, or any thing whatever to the incumbrance or obstruction thereof, he shall be liable to the town for all damages and costs which said town shall be compelled to pay any person who has sustained damage by reason of such incumbrance or obstruction."

This language is full, clear and explicit, admitting of no controversy as to its meaning.   By force of it every town is entitled to recover of any person who has wrongfully incumbered or obstructed any highway within their limits, all damages and costs which they may have been compelled to pay any person who has sustained damage by reason of such incumbrance or obstruction.

In actions brought under its provisions, the proper question for the consideration of the jury is, whether the immediate and real cause of damage to the person injured was the incumbrance or obstruction placed in the highway by the defendant ; whether, in the language of the statute, he "sustained damage by reason of such incumbrance or obstruction."   If such be the fact, the plaintiffs may and should recover, by force of the statute, although the highway incumbered or obstructed were out of repair, or defective, and the plaintiffs themselves had been, and then were, guilty of negligence in regard to it, and although, if the highway had been in suitable condition and properly guarded, the damage sustained might not have occurred.

In the case before us, the defendant had no right to incumber or obstruct the highway, however defective or out of repair it may have been.   In placing the stones upon it he was a wrong doer, and for the consequences of his wrong doing the statute makes him responsible over to the town, without regard to their negligence or want of attention to their appropriate duties.   For any defects or want of repair in the highway, the plaintiffs were liable to indictment and to an action by any party suffering injury by reason thereof.   But their misconduct does not and should not excuse the defendant from the consequences of his own

wrongful acts in incumbering the highway. The road might be exceedingly defective, and still much used, without accident or injury happening; and, if the defendant wrongfully obstructed it, and thereby occasioned an accident, which would not have happened but for such wrongful obstruction, he is clearly liable to the town, under the provisions of the statute, for all damages and costs they may have been compelled to pay the person sustaining damage by reason of his own wrongful act in obstructing or incumbering such defective highway, without reference to the vigilance or negligence of the town in the premises.

The proper inquiry was, whether the incumbrance placed in the highway by the defendant was the prime moving cause of the accident to Shute — that without whose existence such accident would not have happened; if so, the plaintiffs were entitled to recover, although their own negligence might in some more remote degree have contributed to the accident. If the jury should find that notwithstanding the defects and want of repairs of the highway, the injury to Shute would not have happened but for the wrongful act of the defendant in placing the stones upon it — that the stones being there was the direct and proximate cause of the accident — the plaintiffs would be entitled to recover under the statute the costs and damages paid Shute, although the jury should also find that negligence of the plaintiffs, in not sufficiently guarding the bank, contributed to the injury, or even that it might have been substantially prevented, notwithstanding the defendant's misconduct, but for the neglect of the plaintiffs in not providing a sufficient protection against the perils of the embankment. *Lowell* v. *Boston & Lowell R. R.*, 23 Pick. 32–35, and authorities; 1 Smith's Leading Cases (Hare & Wallace's Notes) 312, and authorities; *Smith & al.* v. *Dobson & al.*, 3 Man. & Grang. 59, (42 Eng. C. L. Rep. 42.)

As the instructions given to the jury were in this particular erroneous, the verdict for the defendant must be set aside and a new trial granted.

The instructions given as to the rule for determining the sufficiency of the highway seems to have been substantially correct.

The evidence in relation to the expenses incurred in defending against Shute's action was properly excluded. The statute only provides that the town shall recover the damages and costs they may have been compelled to pay the person sustaining injury by reason of the incumbrance or obstruction, and does not include the expenses of defending themselves against his suit. The town cannot be said to have paid those expenses to the person injured, with any propriety.

So, too, with the evidence relating to the expense of removing the stones. The statute prescribes to the surveyor of highways, whose duty it is to remove incumbrances, a special method of procedure to recover the expenses of such removal, and we think that method must be pursued in order to charge the incumberer therewith. Rev. Stat., chap. 59, secs. 2, 3 and 4.

*New trial granted.*